**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:21-cv-00085-LLK**

JOAN S.                                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of the parties are at Doc. 16 and 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On December 22, 2020, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 8 at 21-31]. The ALJ found that Plaintiff was not disabled during the closed period from September 30, 2015, when she alleges that she became disabled, through July 22, 2019, but that Plaintiff became disabled on July 23, 2019 (her fifty-fifth birthday and remained disabled through December 22, 2020).

Rule 202.06 of Appendix 2 of the regulations directs an ultimate finding of "disabled" for individuals who are of "advanced" age (i.e., 55 years and older), with a high school education, and no transferable job skills, who have a maximum sustained work capability limited to light work. The ALJ found that Plaintiff can perform light work and that she became disabled on July 23, 2019, pursuant to direct application of Rule 202.06. [Doc. 8 at 25, 30].

The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 30, 2015.  [Doc. 8 at 23].

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments:  degenerative disc disease, osteoarthritis of the feet and hands, posterior tibial tendon dysfunction status post release, hypertension, headaches, obesity, major depressive disorder, and generalized anxiety disorder.  *Id.* at 23-24.

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 24.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding his severe physical impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently … can frequently handle, reach, and finger with the bilateral upper extremities and push/pulling is otherwise unlimited … can sit, stand, and walk each for 30 minutes at a time for a total of six hours each in an eight-hour workday … must have the ability to change positions without being off task or leaving her workstation … should never climb ladders, ropes, or scaffolds but can frequently climb ramps or stairs, stoop, kneel, crouch, and crawl … should avoid concentrated exposure to vibrations, unprotected heights, and dangerous machinery.

[Doc. 8 at 25].  The ALJ found that, notwithstanding his severe mental impairments, Plaintiff can:

> … understand, remember and carry out simple instructions and occasionally detailed instructions … maintain attention and concentration for two-hour segments over an eight-hour period and complete a normal workweek … can interact occasionally sufficient for task completion with supervisors and co-workers and can have no contact with the public … is to adapt to routine changes and appreciate hazards in a work setting with routine support and structure.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work.  *Id.* at 29.

Fifth, the ALJ found that, prior to July 23, 2019, Plaintiff retained the ability to perform a significant number of unskilled, light jobs in the national economy such as merchandise marker, warehouse support worker, and routing clerk. *Id.* at 30.

### Plaintiff's first argument is unpersuasive.

First, Plaintiff argues that "comparison of the first and second ALJ decisions" reveals that the second decision (the Commissioner's final decision, presently before the Court) is not supported by substantial evidence and does not comport with applicable legal standards. [Doc. 16 at PageID.2061].

On December 11, 2018, the ALJ issued her first decision. [Doc. 8 at 176-85]. On November 22, 2019, the Appeals Council remanded the matter to the ALJ for a new decision. *Id.* at 194-95. On December 22, 2020, the ALJ issued her second decision. *Id.* at 21-31. On April 26, 2021, the ALJ's second decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *Id.* at 1-3.

Plaintiff's argument that comparison of decisions reveals reversible error is unpersuasive for three reasons.

First, it is based on a false assumption that reviewing courts, whose jurisdiction derives from 42 U.S.C. § 405(g), can review non-final decisions of the Commissioner -- in this case, the ALJ's first decision.

Second, to the extent the argument is based on a failure of the second decision to following the Appeals Council's remand order, the argument is not cognizable on judicial review. Although the "Sixth Circuit has not addressed the issue, ... the overwhelming majority of courts in this circuit ... have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand." *Hubbard v. Comm'r of Soc. Sec.*, No. CV 18-11758, 2019 WL 4866733, at *3 (E.D. Mich. June 10, 2019) (report adopted) (collecting authorities).

Third, in denying Plaintiff's request for review of the ALJ's second decision, the Appeals Council implicitly found that the ALJ adequately addressed its initial concerns.

3

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that the ALJ did not "give good reasons," 20 C.F.R. § 404.1527(c)(2), for giving only "nominal weight" to the medical opinions of her treating neurosurgeon, Theodore Davies, M.D. [Doc. 16 at PageID.2080].  Plaintiff further argues that the ALJ should have accepted Dr. Davies' opinions, which would have restricted her to sedentary (as opposed to light) work.  If the ALJ had restricted Plaintiff to sedentary work, the Appendix 2 rules would have dictated an ultimate finding of "disability."[1]

On October 25, 2017, Dr. Davies completed the Attending Physician Restrictions form at Plaintiff's request.  [Doc. 8 at 763].  Among other things, Dr. Davies opined that, in an 8-hour workday, Plaintiff can sit continuously for 2 to 4 hours, can stand continuously for 2 to 4 hours, and can walk continuously for 2 to 4 hours.  *Id.*  Dr. Davies opined that, in an 8-hour workday Plaintiff can alternately sit and stand/walk for about 4 hours.  *Id.*  Dr. Davies opined that Plaintiff would need to frequently lie down, could occasionally lift up to five pounds, could occasionally reach/handle/finger with the left arm but never with the right arm, has limited ability to operate foot controls, could occasionally stoop/crouch/kneel/crawl and should never climb or balance, has limited ability to tolerate heights, temperature extremes, moving machinery, humidity, and vibrations, and is likely to miss four or more days of work per month due to her impairments.  *Id.*  In support of these medical opinions, Dr. Davies cited Plaintiff's "cervical spondylosis" and "hypersomnia."  *Id.*  The ALJ gave "nominal weight" to Dr. Davies' medical opinions, finding them to

---

[1] As indicated above, the ALJ found that Plaintiff can perform light work and concluded that she became disabled on July 23, 2019 (her fifty-fifth birthday), pursuant to direct application of Rule 202.06.  [Doc. 8 at 25, 30].  Plaintiff challenges the ALJ's finding of lack of disability during the closed period from September 30, 2015, when she alleges that she became disabled, through July 22, 2019.

For the closed period, the ALJ cited Rule 202.14, which directs an ultimate finding of "not disabled," as a framework for decision making.  [Doc. 8 at 30].  Rules 202.06 and 202.14 are identical except that Rule 202.06 contemplates an individual who is 55 years or older, and Rule 202.14 contemplates an individual between the ages of 50 and 54.  If the ALJ had found that Plaintiff is limited to sedentary work, Rules 201.06 and 201.14 would have directed an ultimate finding of "disabled" for the entire period between the alleged onset of disability and issuance of the ALJ's decision.

be "overly restrictive," based only on Plaintiff's "self-reported limitations," and not "consistent with the other medical evidence in the record or Dr. Davies' own generally mild clinical findings." *Id.* at 28.[2]

Plaintiff's argument that the ALJ should have accepted Dr. Davies' opinions, which would have restricted her to sedentary (as opposed to light) work is unpersuasive because Dr. Davies' opinions do not restrict her to sedentary work. The primary difference between sedentary and light work is that sedentary work generally requires 6 hours of sitting per 8-hour workday (with standing/walking during the remaining 2 hours), and light work generally requires 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, *5-6. Among other things, Dr. Davies opined that, in an 8-hour workday, Plaintiff can sit continuously for 2 to 4 hours, can stand continuously for 2 to 4 hours, can walk continuously for 2 to 4 hours, and can alternately sit and stand/walk for about 4 hours. [Doc. 8 at 763]. These findings are vague and open-ended (in terms of whether Dr. Davies believed Plaintiff was restricted to sedentary work).

Plaintiff's argument that the ALJ did not "give good reasons," 20 C.F.R. § 404.1527(c)(2), for giving "nominal weight" to Dr. Davies' opinions is unpersuasive for four reasons.

First, as noted above, the ALJ gave "nominal weight" to Dr. Davies' medical opinions because they were "overly restrictive," based only on Plaintiff's "self-reported limitations," and not "consistent with the

---

[2] Plaintiff applied for Disability Insurance Benefits on January 19, 2016. [Doc. 8 at 31]. "For claims filed before March 27, 2017, the rules in § 404.1527 apply." 20 C.F.R. § 404.1520c. In other words, the so-called "treating physician" rule applies in this case. That rule is codified at 20 C.F.R. § 404.1527(c)(2) and provides that:

> … If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always **give good reasons** in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2) (emphasis added).

other medical evidence in the record or Dr. Davies' own generally mild clinical findings." [Doc. 8 at 28]. These were "good reasons." 20 C.F.R. § 404.1527(c)(2).

Second, the regulatory mandate that an ALJ give "good reasons" for the weight given to a treating physician's opinion does not require "an exhaustive factor-by-factor analysis." *Francis v. Comm'r*, 414 F. App'x 802, 804 (6th Cir. 2011). The mandate is satisfied if (as in this case) an ALJ's reasons are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5; *see also Friend v. Comm'r*, 375 F. App'x 543, 551 (6th Cir. 2010) ("[T]he procedural protections at the heart of the [good-reasons giving] rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is indirectly attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments.").

Third, the Attending Physician Restriction form completed by Dr. Davies was a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016). An ALJ "may properly give little weight" to findings on such a form. *Id.* Dr. Davies did indicate that Plaintiff has diagnoses of "cervical spondylosis" and "hypersomnia." [Doc. 8 at 763]. However, there are many individuals with cervical spondylosis and hypersomnia who are deemed capable of performing light work. *See e.g. Toennies v. Comm'r*, No. 1:19-CV-02261-JDG, 2020 WL 2841379 (N.D. Ohio June 1, 2020); *Lawer v. Comm'r*, No. CV 0:16-3739-RMG-PJG, 2017 WL 5054392 (D.S.C. Oct. 24, 2017) (report adopted). "The mere diagnosis of [an impairment] ... says nothing about the severity of the condition." *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013).

**Plaintiff's third argument is unpersuasive.**

Third, Plaintiff argues that the ALJ's selection of an onset of disability date of July 23, 2019, was "inconsistent with the medical evidence of record." [Doc. 16 at PageID.2084 quoting SSR 83-20, 1983 WL 31249, at *3].

6

There was no such inconsistency because there was no dramatic change in the medical evidence or Plaintiff's RFC on July 23, 2019. Plaintiff simply turned age 55.

As noted above, the ALJ found that Plaintiff can perform light work and thus became disabled on July 23, 2019, pursuant to direct application of Rule 202.06. [Doc. 8 at 25, 30]. In cases (such as the present one) of slowly progressive impairments, "consideration of vocational factors can contribute to the determination of when the disability began." *White v. Comm'r*, No. CV 18-76-DLB, 2019 WL 2603958, at *6 (E.D. Ky. June 25, 2019) (quoting SSR 83-20, 1983 WL 31249, at *2). An ALJ does not violate SSR 83-20 when the ALJ finds that the claimant's "age category was a factor in determining the disability-onset date" in light of the Appendix 2 rules. *Id.*

### ORDER

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

July 22, 2022

Lanny King, Magistrate Judge
United States District Court